FILED
2015 Jun-08  PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **BOBBY FRANKLIN MYERS, JR.,** ) | |
| **and BARBARA ANN MYERS,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action No.:** |
| **v.** ) | |
| ) | |
| **NATIONSTAR MORTGAGE, LLC,** ) | |
| **a corporation;** ) | **JURY DEMAND** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**COME NOW** Plaintiffs Bobby Franklyn Myers, Jr. and Barbara Ann Myers (hereinafter "Plaintiffs") by and through their attorneys of record and file their Complaint against Defendant and state as follows:

## JURISDICTION AND VENUE

1.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), and out of state law violations and out of the invasions of Plaintiffs' personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiffs.

## PARTIES

2.   Plaintiffs Bobby Franklyn Myers, Jr. and Barbara Ann Myers are residents of this Judicial District, and are over the age of 19.

3.   Defendant Nationstar Mortgage, LLC ("Defendant" or "Nationstar") in this action is a foreign corporation doing business in this Judicial District, and is considered a debt collector under the FDCPA as it was assigned the debt at issue when the debt was allegedly in default.  It is also a "servicer" under RESPA.  It conducts business in Alabama.  Its principal place of business is in the State of Texas and it is incorporated in Delaware.

## BACKGROUND INFORMATION ON

## MORTGAGE SERVICING CASES

4.   In recent years many of the abusive and illegal practices of mortgage companies have come to light, including the rampant "robo signing" and "dual tracking," all of which led to government action against servicers and the amendments on Regulation X (RESPA) effective January 2014.

5.   In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

6.   Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

7.   The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

8.   The Defendant in this case is subject to the Regulations and does not qualify for any of the exceptions noted in the Regulations.

9.   The Plaintiffs are asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below.  The Plaintiffs have a private right of action under the Real Estate Settlement Procedures Act, 12 USC 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorneys fees.

10.  While the mortgage companies have been vehement in their attacks on the CFPB and Regulation X, which overhauled the loss mitigation process and provided for "Notices of Errors" and "Requests For Information," as replacements for the old "Qualified Written Requests," the mortgage

industry (including Defendant Nationstar) knows what the requirements are of this law.

11. The surprising fact is how often mortgage companies like Defendant Nationstar are willing to violate RESPA and the FDCPA along with state law.

12. This case is a perfect example of what is happening across the country and this state.

## STATEMENT OF FACTS

13. Defendant Nationstar is collecting on and threatening foreclosure on an old second mortgage allegedly owed by Plaintiffs[1].

14. All actions of Defendant Nationstar are illegal.

15. Plaintiffs had two loans with Bank of America, which were secured by the property at 8525 AL Hwy 40, Henagar, Alabama 35978.

16. On or about July 1, 2010, Bank of America foreclosed on Plaintiff's property.

17. This was done through either the first and/or second mortgage.

18. If it was the second mortgage, then there is no debt for Nationstar to collect on related to the second mortgage.

---

[1] The documents refer only to Plaintiff Bobby but the collection efforts and foreclosure threat have been against both Plaintiffs and Defendant Nationstar has asserted over the phone that both Plaintiffs have responsibility for this alleged debt.

19.   If it was the first mortgage, then there is no longer a mortgage securing the second loan after the foreclosure.

20.   In any event, Plaintiffs sued Bank of America for wrongful conduct surrounding the servicing and foreclosure.

21.   The lawsuit was settled and the case was dismissed with prejudice.

22.   If Bank of America had any claim against Plaintiffs, which it did not, then such a claim would have been a compulsory counterclaim.

23.   Bank of America lost any such compulsory counterclaim at the time of the dismissal with prejudice in federal court.

24.   The Plaintiffs moved out of the property and the property was eventually sold.

25.   Plaintiffs then repurchased the property.

26.   There was no record of any outstanding second mortgage.

27.   As Plaintiffs were in the process of obtaining a loan to build a house on their property, Defendant Nationstar appears for the first time, claiming it had recently been assigned the alleged debt and mortgage.

28.   The first contact with Defendant Nationstar was in the latter part of 2014.

29.   Plaintiffs have told Defendant Nationstar that there is no debt owed and Nationstar has no right to collect anything from Plaintiffs.

30.   As this did not stop Nationstar, Plaintiffs even sent over ten separate letters to Defendant Nationstar under the "Request for Information" and "Notice of Error" provisions of RESPA in Regulation X that came into effect January 2014.

31.   These letters were received, by certified mail, by Defendant Nationstar on or about September 17, 2014.

32.   The Plaintiffs incurred actual expenses, costs and damages including, but not limited to, the postage costs of mailing the letters, gas money, mileage money travelling to the post office, and other costs and expenses and damages that will be identified in discovery.

33.   These letters were mailed to the address specified by Defendant Nationstar to receive Request for Information and Notice of Error letters:   Nationstar Mortgage Attn: Customer Relations Officer P.O. Box 630348, Irving, TX 75063.

34.   Defendant Nationstar failed on all but one letter to acknowledge receipt of it within five business days as required by RESPA.

35.   Defendant Nationstar failed on each letter to substantively respond within thirty business days of receiving the letters.

36.  Defendant Nationstar has a pattern and practice of failing to properly respond to Request for Information and Notice of Error letters from consumers such as the Plaintiffs.

37.  This allegation is supported by numerous other suits and complaints (including those listed at the CFPB Consumer Complaint Database at http://www.ConsumerFinance.gov/ComplaintDatabase/) against Nationstar and by the repeated refusal by Defendant Nationstar on acknowledge all but one of Plaintiffs' letters to Defendant Nationstar and the refusal to respond to any of the more than ten letters sent to it by Plaintiffs.

38.  This is not an oversight on the part of Defendant Nationstar but instead is a deliberate and calculated plan in an effort to thwart the protections offered to consumers such as Plaintiffs when dealing with an alleged mortgage loan.

39.  Defendant Nationstar believes that very few, if any, consumers will take action based upon its refusal to properly and timely respond to letters sent to it pursuant to Regulation X.

40.  Plaintiffs have repeatedly told Defendant Nationstar (verbally and in writing) that it has no right to collect and no right to foreclose against Plaintiffs but this has not discouraged Defendant Nationstar from seeking to collect money it is not entitled to collect.

41.   Defendant Nationstar continues to send false and illegally threatening monthly mortgage statements.

42.   For example, on August 28, 2014, the mortgage statement claims there is no principal due but instead only a monthly interest amount of $120.73.

43.   This statement shows the Plaintiffs allegedly behind $8,867.66.

44.   This is false and illegal.

45.   The September 19, 2014, statement shows a total amount due of $8,994.42.

46.   Fees on the mortgage statements are also illegal as there is no money owed so there is no basis to charge Plaintiffs fees.

47.   On October 20, 2014, Defendant Nationstar sent a statement that shows the amount due as $9,121.19.

48.   A December 14, 2014, letter from Defendant Nationstar threatened foreclosure if $9,247.96 was not paid by January 8, 2015.

49.   It alleged no payment had been received since September 1, 2008.

50.   Defendant Nationstar sent a letter dated January 22, 2015, which claims the Plaintiffs are behind 2,334 days.

51.   Dividing this by 365 days a year reveals that Defendant Nationstar is asserting Plaintiffs are more than 6 years past due on their payments.

52.   In this January 22, 2015, letter Defendant Nationstar claims Plaintiffs owe $9,501.50.

53. The letter threatened foreclosure and claimed Defendant Nationstar was there to help Plaintiffs.

54. A January 26, 2015, Equifax credit report reveals that Defendant Nationstar started reporting on Plaintiff Bobby Myers on or about December 31, 2014, and it does not show the account to be in dispute.

55. Defendant Nationstar knows Plaintiffs dispute the debt.

56. Defendant Nationstar knows the FDCPA (Section e(8)) requires any credit reporting to show that the account is in "dispute."

57. Defendant Nationstar willfully and wrongfully refused to mark the account as in dispute.

58. The credit reporting shows over $9,000 is past due, that it is a loan secured by real estate, and that the last payment was in September 2008.

59. This is false as no money is owed.   There is no security interest, and Plaintiffs have no relationship with Defendant Nationstar.

60. Plaintiff Bobby Myers February 5, 2015, Experian report shows virtually the identical information as the Equifax report.

61. The February 19, 2015, mortgage statement does not show the number of days past due but instead has fees and shows a total amount due of $9,628.27.

62.   A February 19, 2015, letter from Defendant Nationstar does show number of days allegedly past due (2,362) and threatens foreclosure.

63.   Similar letters and statements have followed.

64.   Despite the phone calls and threatening letters and false credit reporting, there is no debt to collect.

65.   There is no debt to credit report on.

66.   The actions and inactions of Defendant Nationstar violate the FDCPA, RESPA, as well as state law.

67.   Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)   There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

(b)   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)   **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**

(d)   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)   It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not**

**competitively disadvantaged,** and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

68.  Plaintiffs incurred a financial obligation that was primarily for personal, family or household purposes (Plaintiffs' home loan) and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

69.  Plaintiffs allege the debt was in default at the time the servicing rights were allegedly assigned or transferred to Defendant Nationstar which readily admits it is a debt collector in all of its letters to Plaintiffs.

70.  Defendant Nationstar is considered a "debt collector" and began engaging in debt collection activities against Plaintiffs.

71.  Misrepresentations were made regarding the character, amount, or legal status of the debt.

72.  The amount of the debt, the amount of fees and charges, were incorrect and not supported by the law and by the note and mortgage.

73.  The threatened foreclosure and other collection activities are illegal and constitute a threat to take action which Defendant Nationstar was not legally entitled to take or had no intention of taking.

74.  The threatened foreclosure and other collection activities are not authorized by the contract giving rise to the alleged debt.

75. The contract does not authorize foreclosing when there is no present security interest.

76. The contract does not authorize collecting against someone who does not owe the money or collecting an amount that is not owed.

77. Defendant Nationstar used false representations and/or deceptive means to collect on this debt.

78. The collection methods employed by Defendant Nationstar were harassing and illegal.

79. The shock, dismay, fear, anger, embarrassment, humiliation, sense of betrayal, and outrage felt and experienced in the Plaintiffs' bodies, minds, and hearts, is difficult to describe as Defendant Nationstar has threatened to take Plaintiffs' property and has sought to destroy Plaintiffs' credit.

80. Plaintiffs allege that the alleged assignments between the original lender, and any other entity are defective, void, or otherwise unenforceable.

81. Plaintiffs contend that any alleged transfer was wrongful, illegal, in violation of law and the documents governing the relationship between Plaintiffs and the owners of their mortgage.

82. As a direct result of the acts complained of, Plaintiffs have been caused to suffer, and will continue to suffer great mental anguish, damage to their

reputation, economic and emotional damages and claim from Plaintiff all damages allowable under the law.

83. All employees and agents of Defendant Nationstar acted with the line and scope of their employment and/or agency relationship.

## COUNT I.

## **VIOLATIONS OF RESPA**

84. On all but one of Plaintiffs' letters, the Defendant failed to confirm or otherwise acknowledge receipt of the Request for Information and Notice of Errors.

85. RESPA requires the Defendant Nationstar to send the Plaintiffs a written acknowledgement saying that the Defendant Nationstar received the Request for Information from the Plaintiffs.

86. The written acknowledgement had to be provided to the Plaintiffs within five (5) business days of the date of the receipt of the Request. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded. As a result, in this case, the written acknowledgement was due for each letter no later than September 24, 2014 as they were received on September 17.

87. Substantive responses are required to be sent to Plaintiffs by Defendant Nationstar within thirty (30) business days of receipt of the notices of error

and requests for information.   The Defendant Nationstar has not provided the Plaintiffs with a substantive response to any of the multiple request for information and notice of error letters received by Defendant Nationstar on September 17, 2014, making the substantive responses due October 30, 2014.

88.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with multiple letters from Plaintiffs and has been sued for failing to respond to other similar requests under Regulation X, including qualified written requests[2].

89.   As a result of this lack of compliance by the Defendant, Defendant is liable to Plaintiffs for actual damages, statutory damages for each violation, costs and attorneys fees.

90.   The violations of the law by Defendant Nationstar have resulted in mental anguish, emotional distress, financial loss, damage to credit, and other damages that will be identified in discovery.

91.   Paragraphs 3-12, 13-66, and 82-83 of the Complaint support the RESPA cause of action.

---

[2] Qualified Written Requests still exist but for practical purposes have been replaced with requests for information and notices of errors.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d

92.    Section 1692d states "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

93.    Specifically, paragraphs 2-3 and 13-83 support the 1692d claim.

94.    As a result of Defendant Nationstar's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Nationstar.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

95.    Section 1692e states "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

96.    Specifically, paragraphs 2-3 and 13-83 support the 1692e claim.

97.    As a result of Defendant Nationstar's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Nationstar.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

98.   Section 1692e(2) states "The false representation of the character, amount, or legal status of any debt;"

99.   Specifically, paragraphs 2-3 and 13-83 support the 1692e(2) claim.

100.  As a result of Defendant Nationstar's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Nationstar.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(4)

101.  Section 1692e(4) states "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action."

102.  Specifically, paragraphs 2-3 and 13-83 support the 1692e(4) claim.

103.  As a result of Defendant Nationstar's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Nationstar.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(5)

104.   Section 1692e(5) states "The threat to take any action that cannot legally be taken or that is not intended to be taken."

105.   Specifically, paragraphs 2-3 and 13-83 support the 1692e(5) claim.

106.   As a result of Defendant Nationstar's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Nationstar.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(8)

107.   Section 1692e(8) states "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

108.   Specifically, paragraphs 2-3 and 13-83 support the 1692e(8) claim.

109.   As a result of Defendant Nationstar's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Nationstar.

## COUNT VIII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

110.   Section 1692e(10) states "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

111.   Specifically, paragraphs 2-3 and 13-83 support the 1692e(10) claim.

112.   As a result of Defendant Nationstar's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Nationstar.

## COUNT IX.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

113.   Section 1692f states "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

114.   Specifically, paragraphs 2-3 and 13-83 support the 1692f claim.

115.   As a result of Defendant Nationstar's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Nationstar.

## COUNT X.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

116.   Section 1692f(1) states "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

117.   Specifically, paragraphs 2-3 and 13-83 support the 1692f(1) claim.

118.   As a result of Defendant Nationstar's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Nationstar.

## COUNT XI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(6)

119.   Section 1692f(6) prohibits threats to take property if not allowed by the security agreement and the law.

120.   Specifically, paragraphs 2-3 and 13-83 support the 1692f(6) claim.

121.   As a result of Defendant Nationstar's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Nationstar.

## COUNT XII.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

122. Defendant Nationstar's collectors are allowed and encouraged to break the law in order to collect debts.

123. This includes all of the violations of the law described in this Complaint at paragraphs 2-3 and 13-83.

124. Defendant Nationstar is aware of the wrongful conduct of its collectors.

125. Defendant Nationstar negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Nationstar is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT XIII.

## WANTON CONDUCT

126. Defendant Nationstar had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

127. Defendant Nationstar had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

128. Defendant Nationstar acted with wanton conduct in its dealings with and about Plaintiff as set forth in this Complaint at paragraphs 2-3 and 13-83.

129. Defendant Nationstar violated all of the duties Defendant Nationstar had and such violations were made wantonly.

130. It was foreseeable, and Defendant Nationstar did in fact foresee it, the actions of Defendant Nationstar would lead and did lead to the exact type of harm suffered by Plaintiff.

## COUNT XIV.

## INVASION OF PRIVACY

131. Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendant Nationstar violated Alabama state law as described in this Complaint.

132. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

133. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions"

including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

134. Defendant Nationstar and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

135. Defendant Nationstar and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt including threatening to take Plaintiffs' property, thereby invading and intruding upon Plaintiffs' right to privacy.

136. This includes the false credit reporting by Defendant Nationstar on Plaintiffs' credit reports.

137. The plan and scheme carried out by Defendant Nationstar exceeded the bounds of reasonableness that govern the collection of debts, as there is no right to collect this non existent debt and no right to threaten to foreclose.

138. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

139. The conduct of Defendant Nationstar and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by the Defendant Nationstar which occurred in a way that would be highly offensive to a reasonable person in that position.

140. As a result of such intrusions and invasions of privacy (including the facts alleged in paragraphs 2-3 and 13-83 of the Complaint) Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant Nationstar.

141. All acts of Defendant Nationstar and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Nationstar is subject to punitive damages.

## **RELIEF REQUESTED**

**WHEREFORE,** Plaintiff having set forth their claims for relief against the Defendant Nationstar, respectfully pray of the Court as follows:

a.   That Plaintiffs have and recover against the Defendant Nationstar a sum to be determined by a jury of their peers in the form of actual/compensatory damages;

b.   That Plaintiffs have and recover against the Defendant Nationstar a sum to be determined by a jury of their peers in the form of nominal damages;

c.   That Plaintiff have and recover against the Defendant Nationstar a sum to be determined by a jury of their peers in the form of punitive damages;

d.   That Plaintiffs have and recover against the Defendant Nationstar a sum to be determined by a jury of their peers in the form of statutory damages;

e.   That Defendant Nationstar be enjoined from further violations of the law against Plaintiffs;

f.   That Plaintiffs have reasonable attorney's fees, costs, expenses; and

g.   That Plaintiffs have such other and further and proper relief as the Court may deem just and proper.

Respectfully Submitted,

John G. Watts (ASB-5819-t82j)
M. Stan Herring (ASB-1074-n72m)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiff**


**Please serve Defendant by certified mail at the following address:**

Nationstar Mortgage, LLC
c/o CSC Lawyers Incorporating SRV, Inc.
150 S. Perry Street
Montgomery, AL 36104